### 28886. LOVETT v. GARVIN et al.

ARGUED JUNE 10, 1974 — DECIDED SEPTEMBER 17, 1974.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Robert M. Travis,* for appellant.

*Richard A. Rice,* for appellees.

GRICE, Chief Justice.

The sole question presented in this appeal is whether the right of action of a husband for the tortious homicide of the wife under the wrongful death statute of this state (Ga. L. 1887, pp. 43, 45; 1939, p. 233; 1960, pp. 968, 969; 1971, p. 359; Code Ann. § 105-1306) accrues at the time of the death of the wife from the injuries inflicted by the defendant, or at the time the injuries were inflicted. Certiorari was granted because this court considered the issue to be one of gravity and importance.

The suit was brought in the Superior Court of Fulton County by Kenneth Michael Garvin, as the widower of Joan Platt Garvin, against Joseph Cecil Lovett, seeking damages for the death of his wife from injuries received in an automobile collision caused by the defendant's negligence in driving through a stop sign into their vehicle. The parties agreed that at the time the deceased received the injuries she was not the wife of the plaintiff; that some months after suffering the injuries she and the

plaintiff were married; and that three weeks after the marriage she died of the injuries sustained in the automobile collision.

The trial court granted the defendant's motion for summary judgment upon the ground that there were no genuine issues of material fact that entitled the plaintiff to a judgment as a matter of law. The Court of Appeals reversed. *Garvin v. Lovett,* 131 Ga. App. 46 (205 SE2d 124).

We affirm the Court of Appeals.

The particular question here is one of first impression in this state. However, in a previous construction of the Georgia wrongful death statute this court stated that "the gist of the action is not the injury suffered by the deceased, but the injury suffered by the beneficiaries, resulting from the death of the deceased ... The cause of action, while dependent upon the fact of an actionable tort against the deceased, *accrues only by reason of the death." Thompson v. Watson,* 186 Ga. 396, 404 (197 SE 774, 117 ALR 484) (Two Justices dissenting). (Emphasis supplied.)

The wrongful death statute (Code Ann. § 105-1306, supra) provides in pertinent part that "The husband . . . may recover for the homicide of the wife . . ." Since it gives a right of action not had under common law, it must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms. *Thompson v. Watson,* 186 Ga. 396, 406, supra.

Nothing in the language of this statute states or implies that the husband must be married to the wife at the time the injuries from which she subsequently dies are inflicted. Therefore, we agree that the right of action accrues at the time of the death of the wife. Since at the time of the decedent's death here she was lawfully married to the plaintiff, he was entitled to bring an action for damages against the defendant for her wrongful death under the law of this state.

*Judgment affirmed. All the Justices concur, except Hall, J., disqualified.*