A98A0987. TOLBERT et al. v. MANER.
(504 SE2d 772)

Judge Harold R. Banke.

When Rosabell Agnes Glover died intestate in 1995, she was survived by seven of her eight children. A civil action based on Glover's death was instituted with two distinct claims: one by Glover's estate and another by her surviving children. The claim asserted on behalf of the estate sought to recover medical expenses, funeral expenses, punitive damages and for Glover's pre-death pain and suffering. In the other claim, the seven children, Louise Tolbert, Ethel Hickman, Ruth Johnson, Agnes Jenkins, Albertha Gary, Harold Johnson and

Ronald Johnson (collectively "Tolbert" or "children") brought a wrongful death action to recover for the full value of their mother's life.

Prior to trial, the case was settled. The administratrices and the children agreed that Tyrone Maner, son of the deceased eighth child of Agnes Glover, was entitled to share in the funds obtained by the estate. But the surviving children contested the entitlement of Tyrone Maner to any portion of the funds obtained by their settlement of the wrongful death claim. They contended that the equities of the situation supported recovery by the children but not by a grandchild whose parent, William Maner, had died in 1960, long before the wrongful death occurred. See *Walden v. John D. Archbold Mem. Hosp.*, 197 Ga. App. 275, 276 (1) (398 SE2d 271) (1990) (wrongful death statute does not encompass siblings). As a result of the dispute, one-eighth of the recovery for that claim was deposited in an escrow account, and Tolbert instituted the underlying declaratory judgment action.

The trial court considered the underlying facts as presenting an issue of first impression under OCGA § 51-4-2 as revised in 1993. Based on its construction of that statute, the trial court held that Maner, a grandchild, was entitled to share in the wrongful death proceeds with the children. Tolbert appeals the denial of the children's motion for summary judgment and the grant of summary judgment to Maner. *Held*:

At issue is whether a descendant of a child who predeceases a parent is entitled to recover in a wrongful death claim brought by the surviving children of the deceased parent. Tolbert contends that the wrongful death statute (OCGA § 51-4-2 (a)) does not authorize a grandchild, such as Maner, to recover. Tolbert claims that because Maner's father died prior to Glover, a cause of action for wrongful death never accrued to Maner's father, and so Maner cannot stand in his shoes. We disagree.

The wrongful death action is a creature of statute for no such right existed at common law. *Edenfield v. Jackson*, 251 Ga. 491, 492 (1) (306 SE2d 911) (1983). Being in derogation of common law, the statute "must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms. [Cit.]" *Lovett v. Garvin*, 232 Ga. 747, 748 (208 SE2d 838) (1974). In construing this statute, we must give each part of it meaning while avoiding constructions that make some language mere surplusage. *Moritz v. Orkin Exterminating Co.*, 215 Ga. App. 255, 256 (450 SE2d 233) (1994). All parts of this statute should be harmonized to give sensible and intelligent effect. *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994).

The subsection in effect at the time of Glover's death in pertinent

part provides, "Any amount recovered under subsection (a) of this Code section shall be equally divided, share and share alike, between the surviving spouse and the children per capita, and the descendants of children shall take per stirpes." OCGA § 51-4-2 (d) (1). Subsection (a) states in relevant part, "if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the . . . parent the full value of the life of the decedent, as shown by the evidence." Thus, where there is a recovery under subsection (a) by the children, as here, the explicit language of subsection (d) (1) clearly authorizes that the descendants of children take per stirpes. OCGA § 51-4-2 (d) (1). Notwithstanding Tolbert's claim that subsection (d) (1) is triggered only when a child dies during the pendency of a wrongful death action, we cannot assume that the legislature intended anything other than the words it engrafted onto the statute.[1] See *Lovett*, 232 Ga. at 748. As such, based on a literal reading of OCGA § 51-4-2 (d) (1), we find that Maner is entitled to a one-eighth share of the wrongful death recovery at issue. Accordingly, the trial court correctly granted summary judgment to Maner and correctly denied the same to Tolbert.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 28, 1998 — 

*Savage & Turner, Brent J. Savage, Robert B. Turner*, for appellants.
*Lester B. Johnson III*, for appellee.

---

[1] The pre-1993 version of OCGA § 51-4-2 (d) provided: "The surviving spouse shall hold any amount recovered under subsection (a) of this Code section subject to the law of descents, as if it were personal property descending from the decedent to the surviving spouse and to the children, provided that such recovery shall be equally divided, share and share alike, between the surviving spouse and the children per capita, and the descendants of children shall take per stirpes."