## S98G1871. TOLBERT et al. v. MANER.

### (518 SE2d 423)

SEARS, Justice.

Certiorari was granted to review the Court of Appeals' decision in *Tolbert v. Maner,* 233 Ga. App. 611 (504 SE2d 772) (1998) that the descendant of a child who predeceased a parent is entitled to recover in a wrongful death action filed by the deceased parent's surviving children. Our consideration of the Wrongful Death Act leads us to conclude that the statutory right to bring an action for wrongful death enures only to the decedent's spouse and children who are living at the time the action accrues. As the Act makes clear, only when a decedent's child is an original claimant in a wrongful death action, and only when that child dies during the pendency of the claim, can the child's descendants participate in any recovery. Accordingly, we reverse.

Rosabell Glover died intestate in April 1995, apparently due to an allergic reaction to prescribed medication. Glover was survived by seven children, who collectively comprise the appellants in this matter. Glover also had an eighth child, William Maner, who died in 1960. Appellee Tyrone Maner is the only child of William Maner.

In 1995, appellants instituted a civil action consisting of two distinct claims. One claim, brought by the co-administratrices of Glover's estate, sought the recovery of medical expenses, funeral expenses, punitive damages, and compensation for Glover's pain and suffering (the "Estate Claim"). The other claim, brought by appellants, alleged wrongful death and sought the recovery of the full value of Glover's life (the "Wrongful Death Claim"). Both claims were eventually settled. Concerning appellee Tyrone Maner, appellants agreed that he was an heir to the estate of Glover and therefore was entitled to receive his deceased father's per stirpes share of any funds recovered from the Estate Claim, according to the laws of descent and distribution. However, appellants took the position that appellee Maner was not entitled to recover any proceeds from the Wrongful Death Claim, because his father predeceased Glover by approximately 35 years.

The trial court denied the appellants' motion for summary judgment and sua sponte granted summary judgment in favor of Maner. The trial court held that Maner, as a grandchild, was entitled to share in the Wrongful Death Claim recovery with the seven surviving children. The Court of Appeals affirmed the decision of the trial

court and found that Maner could stand in the shoes of his father and recover for Glover's wrongful death under OCGA § 51-4-2.

1. There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation.[1] In Georgia, wrongful death claims are only permitted under the auspices of the Wrongful Death Act, OCGA § 51-4-1 et seq. Being in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning.[2] "The express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts."[3] In construing any statute, we must, of course, give meaning to and harmonize all parts of the statute to give them sensible and intelligent effect, while avoiding constructions that make any part of the statute mere surplusage.[4]

2. OCGA § 51-4-2 provides, in pertinent part, that:

(a) The surviving spouse, or if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent. . . .

(b) (2) If an action for wrongful death is brought by a child or children . . . and one of the children dies pending the action, the action shall survive to the surviving child or children . . . .

(d) (1) Any amount recovered . . . shall be equally divided, share and share alike, [between] the surviving spouse and the children per capita, and the descendants of children shall take per stirpes. . . .

Thus, under subsection (a), wrongful death claims may be brought by only two categories of plaintiffs — the decedent's surviving spouse and, if there is no surviving spouse, the decedent's children. No other relatives of the decedent are allowed to bring an action for wrongful death under section 51-4-2. Accordingly, appellee Tyrone Maner, who was Glover's grandson, was not entitled to be an original plaintiff in the action seeking recovery for her wrongful death.

---

[1] *Edenfield v. Jackson*, 251 Ga. 491, 492 (306 SE2d 911) (1983); Eldridge, *Georgia Wrongful Death*, § 3-1 (1976).

[2] *Lovett v. Garvin*, 232 Ga. 747, 748 (208 SE2d 838) (1974); Eldridge, supra.

[3] Eldridge, supra.

[4] *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (452 SE2d 476) (1994).

Under subsection (b) (2), if a wrongful death claim is brought by surviving children, and if one of those children dies while the action is pending, then the deceased child's rights in the action "shall survive to the child or children." It is unclear from the face of subsection (b) (2) whether the phrase in quotation marks above refers to children of the deceased child (i.e. — grandchildren of the party alleged to have died wrongfully), or to the deceased child's siblings (i.e. — the other children of the party alleged to have died wrongfully). Appellee Maner would have us resolve this uncertainty so as to permit him to share in the appellees' recovery for Glover's wrongful death. However, subsection (b) (2) states that a deceased child's rights in a wrongful death action do not pass to anyone unless that child was an original wrongful death claimant who died during the pendency of the claim. In this case, appellee Maner's father died 35 years before the wrongful death claim accrued. Hence, regardless of how we resolve the ambiguity in subsection (b) (2), Maner has no basis for availing himself of the subsection, and he cannot claim entitlement to a portion of the wrongful death recovery.

3. In its opinion, the Court of Appeals did not consider subsection (b) (2). Instead, it construed subsection (d) (1) to expand the scope of individuals who are entitled under OCGA § 51-4-2 to bring a wrongful death claim to include a decedent's grandchildren, such as Maner. That reading of subsection (d) (1), however, rendered meaningless subsection (a)'s strict limitations on who may bring a claim and recover for wrongful death, and created disharmony among the statute's several sections.[5] It is highly improbable that the legislature would have strictly limited the category of relatives permitted to bring a claim and recover for wrongful death in OCGA § 51-4-2 (a), and then greatly expanded that category in subsection (d) (1) of that same Code section, and the Court of Appeals erred in not construing these two sections harmoniously.

As stated above, subsection (d) (1) states that a wrongful death recovery shall be divided per capita among surviving children, and the descendants of children may take a per stirpes share of that same recovery. Thus, when read in conjunction with subsection (d) (1), it appears that subsection (b) (2) does contemplate that the children of a child whose parent is alleged to have died wrongfully may, if the child was an original claimant who dies during the action's pendency, assume the rights of the deceased child in the wrongful death action. Furthermore, those children may under subsection (d) (1) take a per stirpes share of any recovery.

With this in mind, we conclude that there is only one possible

---

[5] *Gilbert*, supra.

construction of OCGA § 51-4-2 that permits harmony among and maintains the integrity of its several subsections. Under subsection (a), the only persons who are entitled to bring a claim and recover for wrongful death are surviving spouses and surviving children. Under subsection (b) (2), however, if a wrongful death action is brought by surviving children and one of them dies during the action's pendency, then the deceased child's interest in the action survives in his or her surviving children, if any. Under subsection (d) (1), the deceased child's children shall be entitled to take a per stirpes share of any recovery that is obtained. However, subsection (d) (1) does not, standing alone, expand the scope of permissible plaintiffs in a wrongful death claim, as plainly set forth in subsection (a).[6]

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 14, 1999.

*Savage, Herndon & Turner, Brent J. Savage, Robert B. Turner, Christopher D. Britt,* for appellants.
*Lester B. Johnson III,* for appellee.

---

[6] A contrary construction of the statute would read subsection (b) (2) to state that if an original child claimant in a wrongful death action dies during the claim's pendency, the deceased child's rights in the claim survive in his or her siblings, and not in his or her children, but that under subsection (d) (1), the deceased child's children may share per stirpes in any recovery obtained by those siblings. This construction, however, would lead to uncertainty in situations where only one child asserts a wrongful death claim, and that child dies during the action's pendency, leaving children of his or her own. In that situation, this contrary reading of subsection (b) (2) could be argued to extinguish the deceased child's rights in the action, and to preclude recovery under subsection (d) (1) for the surviving children. In fact, in this situation, the contrary reading of the statute could be argued to extinguish the pending claim altogether. We do not believe that the legislature intended the possibility for such anomalies in OCGA § 51-4-2's application, and we reject this contrary construction of the statute. Our harmonious construction of the OCGA § 51-4-2 detailed above avoids uncertainty in its operation, and facilitates the statute's uniform application irrespective of the number of child claimants in a wrongful death action.