A05A1595. KING v. GOODWIN.
(626 SE2d 165)

MILLER, Judge.

After he was injured in an automobile accident, Casey Goodwin brought a personal injury action against the estate of the other driver, Chuck Jackson, who was killed in the accident. The administrator of Jackson's estate then brought a counterclaim for wrongful death. Goodwin moved for summary judgment, arguing that the administrator, Marie King, did not have standing to assert a wrongful death claim. The trial court granted summary judgment to Goodwin on this issue, and King appeals. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that Goodwin and Jackson were involved in an automobile accident on October 5, 2001. Jackson died as a result of the accident. Less than two years later, Goodwin brought an action for personal injuries suffered as a result of the accident against Marie King, the administrator of Jackson's estate.

---

[12] *Baskin v. State*, 267 Ga. App. 711, 715 (2) (600 SE2d 599) (2004).

King answered and filed a counterclaim for Jackson's funeral expenses, medical bills, pain and suffering, and wrongful death. Goodwin then filed a motion for summary judgment as to the counterclaim on the grounds that (1) there was no evidence of his negligence in the accident and (2) King did not have standing to assert the counterclaim for wrongful death. After a hearing, the trial court granted Goodwin's motion as to the wrongful death claim on the ground that King lacked standing.

On appeal, King argues that because OCGA § 9-3-97 extends the statute of limitation on any claim instituted by counterclaim until the filing of an answer, and because she was the only person capable of asserting a wrongful death claim on behalf of Jackson's estate, the trial court erred when it granted partial summary judgment to Goodwin. We disagree.

OCGA § 51-4-2 (a) provides that "[t]he surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent." OCGA § 51-4-5 (a) provides in turn that "[w]hen there is no person entitled to bring an action for wrongful death [under OCGA § 51-4-2], the administrator or executor of the decedent may bring an action for . . . the next of kin."

> Being in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning. The express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts.

(Punctuation and footnotes omitted.) *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999). In rare circumstances, however, the courts may exercise their equitable powers to allow those with no remedy at law to pursue wrongful death claims. See, e.g., *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214, 216 (2) (b) (403 SE2d 806) (1991) (where minors have no remedy at law because of mother's death, and where father cannot be found, trial court may exercise equitable powers to allow children to maintain wrongful death action).

It is undisputed here that at the time of his death, Jackson was unmarried and had a son who was more than 21 years old. Under the plain language of OCGA § 51-4-2 (a), then, Jackson's son had the right to bring a wrongful death action for his father's death. It is also undisputed that Jackson's son did not bring such an action before October 5, 2003, when the two-year statute of limitation ran. See

OCGA § 9-3-33. King does not contend or offer evidence to the effect that some external circumstance prevented the adult son from exercising his right to bring an action concerning his father's death. Thus there is nothing in the record before us to obviate the consequences of the son's failure to pursue such an action before the running of the statute of limitation. OCGA § 51-4-2 (a); see also *Tolbert*, supra, 271 Ga. at 208 (2).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 10, 2006.

*Miller, Cowart & Howe, Craig N. Cowart*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, Jon C. Wolfe, Reynolds & McArthur, Oliver W. Horne III*, for appellee.