A10A2036. SCOTT et al. v. SCOTT et al.

(707 SE2d 166)

BARNES, Presiding Judge.

In this case, two children filed suit against their mother for the wrongful death of their father, represented by their uncle as next

friend. The children's paternal grandparents moved to intervene or be substituted as next friend in the wrongful death suit, alleging that the uncle has a conflict of interest. The trial court denied the motion because no statutory grounds exist allowing the grandparents to participate or intervene. This court granted the grandparents' application for interlocutory review, and for the reasons that follow, we reverse and remand for the trial court to consider the merits of the motion.

The wrongful death suit arose after Lona Lee Scott killed her husband, Ralph Clifton Scott. Lona Lee was prosecuted for murder in DeKalb County and claimed self-defense, and the February 2010 trial resulted in a hung jury. In the meantime, Giuseppe Rago, who is Lona Lee's brother-in-law and is married to her twin sister, was appointed executor of Ralph's estate pursuant to the terms of Ralph's will. Acting as executor and as "next friend" for Lona Lee and Ralph's two minor children, Rago sued Lona Lee for Ralph's wrongful death and other claims.

Believing that Rago is more closely aligned with Lona Lee than the children, Ralph's parents John and Josephine Scott filed a "Motion to Intervene or Substitute as Next Friend of the Minor Children, Plaintiffs." The Scotts contend that Rago has a conflict of interest and cannot adequately represent the children in the litigation. They asked for permission to intervene in the action or be substituted as "next friend" of the children. The trial court denied the motion, holding that the Scotts did not "set forth any right of a direct and immediate character which would authorize this Court to grant their request to intervene. Additionally, the bases for substitution of parties enumerated in OCGA § 9-11-25 do not apply here."

The Scotts argue on appeal that the trial court erred in refusing to consider the merits of whether Rago has a conflict of interest and should be replaced as "next friend" of the minor children in prosecuting their suit against their mother. Pursuant to OCGA § 9-11-17 (c), a minor who does not have an appointed representative "may bring an action by his next friend." The statute does not specify who should serve as "next friend," and it appears that any person may act in this capacity. See *Sanders v. Hinton*, 171 Ga. 702, 707 (156 SE 812) (1931). The next friend, however, is akin to a guardian ad litem appointed by the trial court. See id.; OCGA § 9-11-17 (c). "[T]he appointment of a next friend is a matter within the discretion of the trial judge." *Kite v. Brooks*, 51 Ga. App. 531, 536 (181 SE 107) (1935). Although the trial court need not formally appoint or select the next friend, the next friend serves as an officer of the court, and the trial court has oversight regarding the next friend and discretion to appoint alternate representation for a minor. See id.

The children's grandparents assert that the uncle, who filed suit as next friend of the children, is aligned with the mother and thus cannot adequately represent the children's interests in this wrongful death case. Although the grandparents themselves have no standing or legal interest in the wrongful death claim, they do have a legally recognized interest in the welfare of their grandchildren, who are the real parties in interest here.[1] See, e.g., OCGA §§ 19-7-1 (b.1) (grandparent's right to child custody in certain cases); 19-7-3 (grandparent's right to petition for visitation).

Given the trial court's gatekeeping role with respect to the next friend representative, as well as the Scotts' interest in their grandchildren's welfare, the trial court erred in refusing to consider the merits of the conflict claim. Undoubtedly, this is not a typical intervention situation. But if, in fact, Rago's interests lie with the mother, who is his wife's twin sister, the children's interest in this litigation is at risk, and no current party is likely to raise the issue with the trial court. Under these circumstances, the trial court was authorized to address the conflict claim and consider whether the Scotts, or someone else, should be substituted as next friend for the children. See *Stewart v. Turner*, 229 Ga. App. 119, 122-123 (3) (493 SE2d 251) (1997) (where it appears that a minor's interest in litigation may be adverse to his or her guardian, the trial court has an affirmative duty to determine whether the appointment of a guardian ad litem is necessary to protect the minor's interest).

*Judgment reversed and case remanded with direction. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 8, 2011.

*James S. Altman*, for appellants.
*Spears & Spears, John W. Spears, Jr., Larry A. Ballew*, for appellees.

---

[1] Under these circumstances, equity provides the minor children with a claim against the surviving spouse, their mother, for the wrongful death of their father. See *Carringer v. Rodgers*, 276 Ga. 359, 360 (1) (578 SE2d 841) (2003); *Belluso v. Tant*, 258 Ga. App. 453, 455 (574 SE2d 595) (2002).