In the Supreme Court of Georgia

Decided:  October 6, 2014

S14A0931. TROP, INC. d/b/a PINK PONY et al. v. CITY OF
BROOKHAVEN et al.

MELTON, Justice.

Trop, Inc. and the JEG Family Trust have operated the Pink Pony entertainment club as a restaurant with alcohol consumption and adult nude dancing under DeKalb County licenses since November, 1990.  In June 2001, after taking part in litigation against DeKalb County, Pink Pony entered into a Settlement and Release Agreement with DeKalb County. Pursuant to this settlement, Pink Pony dismissed pending damages actions against DeKalb County in exchange for the right to continue its operations, as it had always done, for a term of eight years. In addition, Pink Pony agreed to pay an increased, graduated licensing fee. In May 2007, Pink Pony entered into the First Amended and Extended Settlement and Release Agreement, which extended the original settlement agreement for an additional fifteen years.

Approximately five years later, well before the termination of the DeKalb

settlement agreement, the City of Brookhaven was incorporated on December 17, 2012, and, as a result, Pink Pony's location became part of the new municipality. At that time, DeKalb County ordinances, including those on alcohol and adult businesses, continued to apply in Brookhaven. Later, however, Brookhaven began a consideration of sexually-oriented businesses, and, on January 15, 2013, it approved its own sexually-oriented business Code. The sexually-oriented business Code's enactment was "[b]ased on evidence of the adverse secondary effects of adult uses presented in hearings and in reports made available to the City Council," including judicial decisions, studies, reports, and affidavits. Of particular importance to Pink Pony, the sexually-oriented business ordinance, in conjunction with Brookhaven's Alcohol Code,[1] prohibits the sale of alcohol in sexually-oriented businesses and allows only semi-nudity (g-strings and pasties), not full nudity.[2]

---

[1] The trial court properly found that, because Pink Pony had never applied for an alcohol license or been denied one, it had no standing to challenge the Alcohol Code for a hypothetical denial. See, e.g., Manlove v. Unified Gov't of Athens-Clarke County, 285 Ga. 637 (680 SE2d 405) (2009).

[2] Nudity is defined in Brookhaven's sexually-oriented business Code as "the showing of a human male or female genitals, pubic area, vulva, or anus with less than a fully opaque covering of any part of the nipple or areola."

In May 2013, Pink Pony filed suit in DeKalb County Superior Court, claiming that Brookhaven's newly-enacted sexually-oriented business Code was unconstitutional, and that Pink Pony was exempt from it based on Pink Pony's settlement agreement with DeKalb County. Brookhaven answered and attached certified copies of public record documents: the sexually-oriented business Code, an amendment to the sexually-oriented business Code, and legislative record materials, including studies and reports regarding the negative effects of nude dancing establishments. With the Answer, Brookhaven also filed a Motion to Dismiss and/or for Judgment on the Pleadings. Pink Pony responded to the motion, and it filed an amendment to its complaint, incorporating exhibits into the original complaint. Pink Pony's response brief also cited to those exhibits, which included versions of the sexually-oriented business Code and amendment, the Alcohol Code and amendment, the Zoning Code, the City's charter, and DeKalb County's enabling legislation.

After considering everything that was filed,[3] the trial court granted Brookhaven's motion for judgment on the pleadings, finding that Pink Pony's

---

[3] The trial court explicitly stated that it considered exhibits attached to the pleadings filed by *both* parties.

claims regarding the constitutionality of the sexually-oriented business code failed as a matter of law. This appeal followed. For the reasons set forth below, we affirm.

It is well-settled that,

"[f]or the purposes of [a] motion [for judgment on the pleadings], all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. [Cit.]" Ware v. Fidelity Acceptance Corp., 225 Ga. App. 41, 44 (3) (482 SE2d 536) (1997). A motion for judgment on the pleadings should "be granted only if . . . the moving party is clearly entitled to judgment." Gulf American Fire & Casualty Co. v. Harper, 117 Ga. App. 356 (1) (160 SE2d 663) (1968).

(Punctuation omitted.) Sherman v. Fulton County Board of Assessors, 288 Ga. 88, 90 (701 SE2d 472) (2010).

Pink Pony details a long list of ways in which it contends that the trial court failed to adhere to its "well-pled facts" in granting Brookhaven's motion to dismiss. The great majority of items on this list, however, are not factual matters at all.[4] To the contrary, they are conclusions of law. While a trial court

_____

[4] As examples of this, Pink Pony maintains, among other things, that the trial court erred by refusing to accept its contention that (1) it detrimentally relied on the settlement agreement with DeKalb County, (2) the Brookhaven ordinance was unconstitutional; and (3) the trial court should have relied on

4

is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-party suggests that those facts dictate. For this reason, most of Pink Pony's claims are untenable based on the standard of review alone.

Sifting through the rest of Pink Pony's complaints, it becomes clear that its main contention is that the trial court erred in its determination that Brookhaven's sexually-oriented business ordinance passed the constitutional standards relating to the curtailment of free speech set forth in Paramount Pictures Corp. v. Busbee, 250 Ga. 252 (297 SE2d 250) (1982). The trial court did not err.

The Paramount Pictures test applies to content-neutral legislation and poses three questions: "(1) Does the [legislation] further an important governmental interest? (2) Is that interest unrelated to the suppression of speech? and (3) Is the legislation an incidental restriction of speech no greater than essential to further the important governmental interest?" (Punctuation omitted.) Goldrush II v. City of Marietta, 267 Ga. 683, 692 (5) (482 SE2d 347)

---

cases cited by Pink Pony, not other ones.

(1997).[5]

As an initial matter, Brookhaven's sexually-oriented business ordinance is content-neutral "[i]n light of the city council's predominate goal of combatting pernicious secondary effects [coupled with] the lack of sufficient evidence to establish an improper motive on the part of council members." Id. at 692 (4). Furthermore, the sexually-oriented business ordinance passes all three prongs of the Paramount Pictures test. First, it furthers the important government interests of "attempting to preserve the quality of urban life," (Citation and punctuation omitted.) City of Renton v. Playtime Theatres, 475 U.S. 41, 50 (106 SCt 925, 89 LE2d 29) (1986), and "reduc[ing] criminal activity and prevent[ing] the deterioration of neighborhoods." Discotheque v. City Council of Augusta, 264 Ga. 623, 624 (449 SE2d 608) (1994). These goals, in turn, are not related to any desire to suppress speech. "[Brookhaven's] desire to preserve the quality of urban life and its attempt to reduce crime and prevent neighborhood deterioration by separating alcohol from adult entertainment are important government interests unrelated to the suppression of speech." (Citation omitted.)

---

[5] In setting forth this test, this Court relied on United States v. O'Brien, 391 U.S. 367, 377 (88 SCt 1673, 20 LE2d 672) (1968).

6

Goldrush II, supra, 267 Ga. 692 (5). Finally, any incidental restriction of speech caused by the ordinance is no greater than essential to further these important governmental interests. The ordinance's "application is sufficiently narrowly tailored because it is limited to the modes of expression implicated in the production of negative secondary effects—those establishments that provide alcohol and entertainment requiring an adult entertainment license—thereby exempting mainstream performance houses, museums, or theaters." Id. Therefore, given the long history of sexually-oriented business ordinances, ample precedent, and the established record regarding the deleterious effects of alcohol coupled with nude dancing, the trial court did not err by finding that, as a matter of law, Brookhaven's sexually-oriented business ordinance does not unconstitutionally infringe upon Pink Pony's free speech rights.[6]

---

[6] Contrary to Pink Pony's argument, McCullen v. Coakley, – U.S. – (134 SCt 2518, 189 LE2d 502) (2014), does not change this result. Coakley regards the use of "buffer zones" around abortion clinics. In that case, a buffer zone law established by Massachusetts was struck down as not being narrowly tailored, in part because the Supreme Court was able to point to laws in other jurisdictions which satisfied Massachusetts's purpose in a less restrictive manner. This case presents the opposite situation. The trial court was able to look at precedent from other jurisdictions approving sexually-oriented business regulations almost identical to the one currently in question. See, e.g., Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F3d 1346 (11th Cir.

Pink Pony's contention that Brookhaven should be bound by the prior agreement between Pink Pony and DeKalb County does not change this result. As found by the trial court, this prior agreement cannot be used to bind the successively incorporated City of Brookhaven. Cf. OCGA § 36-30-3 (a) ("One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government.") This, of course, undermines Pink Pony's erroneous arguments that it had some vested right to continue operation as a nude dancing club that serves alcohol.

2. Pink Pony also argues that the trial court erred by granting Brookhaven's motion for judgment on the pleadings after considering exhibits attached to Brookhaven's answer to the original action. Specifically, Pink Pony argues that these exhibits should be considered outside the pleadings, and, by considering the exhibits, the trial court converted the motion for judgment on the pleadings into a motion for summary judgment.

> On an appeal of a trial court's order that dismisses a cause of action for failure to state a claim upon which relief can be granted, "the reviewing court must determine whether either party has presented matters outside the pleading to the trial court, and if so whether the

2011).

trial court excluded or considered such matters. Therefore, if matters outside the pleadings were presented to the trial court, which then considered these matters as it resolved the case, then a reviewing court is required to treat the resulting trial court's order as a ruling on a motion for summary judgment.

(Citations and punctuation omitted.) Johnson v. RLI Ins. Co., 288 Ga. 309, 310 (704 SE2d 173) (2010).

In this case, however, the trial court considered the pleadings only. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." OCGA § 9-11-10 (c). The items considered by the trial court, namely the sexually-oriented business Code and amendment, the Alcohol Code and amendment, the Zoning Code, the City's charter, and DeKalb County's enabling legislation, were attached to either Brookhaven's answer to Pink Pony's original complaint or Pink Pony's own response to Brookhaven's motion to dismiss.[7] Consideration of these exhibits to the pleadings did not convert the motion to dismiss into a motion for summary judgment. Id.

3. Finally, for the first time on appeal, Pink Pony argues that the trial court

___

[7] Pink Pony's response brief also cited to those exhibits, which included versions of the sexually-oriented business Code and amendment, the Alcohol Code and amendment, the Zoning Code, the City's charter, and DeKalb County's enabling legislation.

erred by prematurely granting Brookhaven's motion to dismiss before the pleadings were closed. In doing so, Pink Pony relies on OCGA § 9-11-12 (c), which states that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because Pink Pony raises the argument that Brookhaven's motion was premature for the first time on appeal, the contention must be deemed to have been waived. See, e.g., Rogers v. State, 290 Ga. 401, 406 (3) (721 SE2d 864) (2012) (arguments raised for the first time on appeal are deemed to be waived).

4. Any remaining contentions raised by Pink Pony are without merit.

Judgment affirmed. All the Justices concur.