**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 9, 2015**

# In the Court of Appeals of Georgia

A15A1559. NKN ENTERPRISES, LLC et al. v. BRANCH
      BANKING AND TRUST COMPANY et al.

MCMILLIAN, Judge.

This is the second appeal arising from protracted litigation filed in multiple courts by appellants NKN Enterprises, LLC ("NKN") and Barbara Billingsley ("Billingsley," collectively "appellants") in an attempt to forestall Branch Banking and Trust Company ("BB&T") from foreclosing on certain real property pledged as security for several loans BB&T extended to NKN in 2007 and 2008.[1] As more fully set forth below, we now affirm the trial court's grant of appellees' motion for

---

[1] Appellants also named Quirk and Quirk, LLC ("Quirk"), the law firm that represented BB&T in its foreclosure efforts, as a defendant in their most recent complaint. Quirk and BB&T will be referred to collectively as "appellees."

judgment on the pleadings in this most recent attempt to thwart BB&T's foreclosure efforts.

> It is well settled that, (o)n motion for judgment on the pleadings, we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false. Although such motion is, by definition, limited to the pleadings, a trial court may also consider exhibits that have been incorporated into the pleadings. If, in reviewing these documents, there is a complete failure by the plaintiff to state a cause of action, then the defendant is entitled to judgment as a matter of law. . . . *Prinits v. Bankers Life Ins. Co.*, 256 Ga. App. 266, 266 (568 SE2d 85) (2002).

*Early v. MiMedx Group, Inc.,* 330 Ga. App. 652, 654 (768 SE2d 823) (2015). *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014).

The record, including the appellate record from a prior appeal from similar proceedings filed in a different county[2] and the verified pleadings[3] and exhibits incorporated therein filed in this action, show that BB&T first initiated foreclosure proceedings in August 2011. The foreclosure was scheduled for October 4, 2011, but

---

[2] That case was filed in Fulton County and that appeal was docketed in this Court as Case Number A14A1700.

[3] Appellees attached the exhibits to their counterclaim, which they verified prior to the trial court issuing its ruling.

2

on October 3, 2011, NKN instituted bankruptcy proceedings. The bankruptcy proceedings were dismissed on August 24, 2012, but NKN filed a second bankruptcy petition on August 31, 2012. Those bankruptcy proceedings were dismissed in March 2013.

On August 27, 2013, BB&T again initiated foreclosure proceedings and the sale of the property was scheduled for October 1, 2013. However, on August 30, 2013, appellants filed a complaint for damages and injunctive relief against appellees in the Superior Court of Fulton County ("Fulton County Action") asserting, inter alia, claims for wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and invasion of privacy. BB&T canceled the scheduled foreclosure and filed an answer and counterclaim, as well as discovery requests. Appellants failed to respond to appellees' discovery requests, submit a status report, or attend a case management conference, and on January 6, 2014, the Fulton County trial court entered an order dismissing appellants' complaint for want of prosecution.

Appellants filed a notice of appeal to this Court from the trial court's order on January 13, 2014, and the case was docketed in this Court on May 15, 2014. Appellants failed to file a brief on appeal, and appellees filed a motion to dismiss on

June 19, 2014. On June 19, 2014, appellants filed a motion to withdraw their appeal, which this Court granted by order dated June 23, 2014.

After the appeal was withdrawn, BB&T again instituted foreclosure proceedings on the subject properties, with the sale noticed for October 7, 2014. Four days before the scheduled foreclosure, on October 3, 2014, appellants filed the present lawsuit in the Superior Court of DeKalb County, reasserting verbatim many of the same claims made in the Fulton County lawsuit and adding additional claims, including claims for trespass and malicious eviction. Appellees filed an answer and counterclaim on November 3, 2014, and moved for judgment on the pleadings. Following a hearing, the trial court entered an extensive order granting appellees' motion, based, inter alia, on specific findings that BB&T had the right to foreclose, the foreclosure was properly noticed and advertised, and that BB&T had the right to make reasonable entries upon the properties under the security deeds at issue and a writ of immediate access issued by the Superior Court of Fulton County. Appellants filed a notice of appeal from the trial court's order on January 2, 2015, and the present appeal was docketed in this Court on April 6, 2015.

Tellingly, appellants' brief on appeal consists primarily of a rote recitation of cases setting out the standard under which a motion for judgment on the pleadings is

4

decided, particularly that the allegations of the non-moving party must be taken as true and the allegations of the moving party as false. See *Sherman v. Fulton County Board of Assessors*, 288 Ga. 88, 90 (701 SE2d 472) (2010) (in deciding motion for judgment on the pleadings, "all allegations of the moving party which have been denied are taken as false") (citation and punctuation omitted). However, these assertions ignore the equally well-founded proposition that the trial court is not required to accept or adopt a party's legal conclusions, no matter how "well-pled" the facts. *Trop*, 296 Ga. at 87 (1) (trial court "is not required to accept the legal conclusions the non-party suggests that [his factual allegations] dictate"). Accordingly, even accepting appellants' facts as true, we are not required to accept appellants' erroneous conclusions of law based on these facts. Moreover, based on our independent review of the record, we find no error in the trial court's grant of the motion for judgment on the pleadings.

Although appellants make a more particularized argument that the copies of the judicial proceedings attached to appellees' answer and counterclaim were uncertified and thus could not properly be considered as evidence by the trial court in ruling on the motion for judgment on the pleadings, there is no indication in the record, including appellants' response to the motion for judgment on the pleadings, that

5

appellants made this argument or raised this objection to the consideration of appellees' exhibits below.[4] Appellants "cannot fail to object to this defect before the trial court and then raise it now. By waiting to make this argument for the first time on appeal, [appellants have] waived it." *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442, 447 (4) (547 SE2d 749) (2001), overruled in part on other grounds in *William Gen. Corp. v. Stone*, 279 Ga. 428 (614 SE2d 758) (2005), (appellant waived argument that res judicata defense must be based on certified copies of prior proceedings by failing to raise it in the trial court). See also *Jones v. State*, 308 Ga. App. 99, 101 (2) (706 SE2d 593) (2011) ("the requirement that prior convictions be proved by certified copies thereof is really an application of the "best evidence rule[, which may be waived]") (citation and punctuation omitted). Based on the foregoing, the trial court's order granting appellees' motion for judgment on the pleadings is affirmed.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

---

[4] The appellants did not raise this issue in their response to the motion for judgment on the pleadings, which, in any event, is similar to their brief on appeal in that it consists primarily of boilerplate argument. And although the trial court's order recites that a hearing was held on the motion, and appellants acknowledge this in their brief on appeal, appellants specified in their notice of appeal that no transcripts were to be included in the appellate record.