**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**October 18, 2021**

# In the Court of Appeals of Georgia

A21A0925. CONNELL et al. v. HAMON, AS SURVIVING CHILD
OF JAMES ISAAC DICKENS, JR., DECEASED.

GOBEIL, Judge.

Winston Clark Connell, M. D., and South Georgia Emergency Medicine Associates, P.C., (collectively, the "Defendants") appeal from the trial court's order denying their motion for judgment on the pleadings in this wrongful death action. The Defendants argue that the trial court erred by concluding that Diane Dickens Hamon ("Plaintiff") has standing to bring a wrongful death action on behalf of her late father, James Isaac Dickens, Jr. (the "Decedent"). They contend that the court's ruling expands the equitable exception to Georgia's Wrongful Death Act, OCGA § 51-4-1 et seq. "in an unprecedented manner[,] which renders the statute's standing rules meaningless, and allows the adult children of a deceased to usurp the statutory rights

of the decedent's surviving spouse." As explained below, we conclude that the trial court erred by finding that Plaintiff has standing, pursuant to an overly expanded interpretation of an equitable exception to OCGA § 51-4-2, to file a claim on behalf of the Decedent. We therefore reverse the trial court's denial of the Defendants' motion for judgment on the pleadings.[1]

> It is well settled that, on motion for judgment on the pleadings, we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false. Although such motion is, by definition, limited to the pleadings, a trial court may also consider exhibits that have been incorporated into the pleadings. If, in reviewing these documents, there is a complete failure by the plaintiff to state a cause of action, then the defendant is entitled to judgment as a matter of law.

*NKN Enterprises, LLC v. Branch Banking & Trust Co.*, 335 Ga. App. 70, 71 (780 SE2d 777) (2015) (citations and punctuation omitted). So viewed, the record shows that Plaintiff, the sole surviving adult child of the Decedent, filed a medical malpractice action against the Defendants for the wrongful death of her father. In her complaint, Plaintiff alleged in pertinent part that at the time of the Decedent's death,

---

[1] The Georgia Trial Lawyers Association has filed an amicus curiae brief urging this Court to affirm the trial court's ruling in the instant case and permit a child to pursue a wrongful death claim when a decedent's spouse refuses to do so.

2

he was married to, but had long been separated from, Lisa Dickens ("Dickens"); that Dickens refused to bring a wrongful death claim in her capacity as surviving spouse because she had been separated from the Decedent for several years; and that Plaintiff filed the action in her individual capacity as the Decedent's sole surviving child and in the representative capacity for Dickens. Plaintiff highlighted that Dickens's failure to bring a wrongful death action within the applicable statute of limitation left Plaintiff with no other adequate remedy.

The Defendants filed a motion for judgment on the pleadings, arguing that, although Plaintiff might be entitled to share in the proceeds from any recovery in a suit, the Wrongful Death Act, and specifically OCGA § 51-4-2, barred the lawsuit due to Plaintiff's lack of standing. The Defendants maintained that Dickens, as the Decedent's surviving spouse, retained exclusive standing to pursue a wrongful death claim.[2]

Following a hearing, the trial court denied the Defendants' motion. Specifically, the court explained: "in consideration of the particular facts and

---

[2] Plaintiff moved to join Dickens as an indispensable party to the suit under OCGA § 9-11-19. The Defendants countered that Plaintiff's joinder request was a "legal nullity" because she lacked standing to file the suit in the first instance. See *Lawrence v. Whittle*, 146 Ga. App. 686, 687-689 (3) (247 SE2d 212) (1978). The record does not contain a ruling on Plaintiff's motion.

3

circumstance of this case, the [c]ourt finds that [Plaintiff], as surviving child of the [D]ecedent, fits under an equitable exception to the 'spousal standing' rule [and] is a proper party to bring the above-captioned wrongful death action." The trial court certified its order for immediate review, and we granted the Defendants' application for interlocutory review. See Case No. A21I0073 (granted Nov. 5, 2020). This appeal followed.

There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation. In Georgia, wrongful death claims are only permitted under the auspices of the Wrongful Death Act, OCGA § 51-4-1 et seq. Being in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning. The express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts. In construing any statute, we must, of course, give meaning to and harmonize all parts of the statute to give them sensible and intelligent effect, while avoiding constructions that make any part of the statute mere surplusage.

*Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999) (citation and punctuation omitted). OCGA § 51-4-2 provides, in relevant part:

4

(a) The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence.

(b) (1) If an action for wrongful death is brought by a surviving spouse under subsection (a) of this Code section and the surviving spouse dies pending the action, the action shall survive to the child or children of the decedent.

(2) If an action for wrongful death is brought by a child or children under subsection (a) of this Code section and one of the children dies pending the action, the action shall survive to the surviving child or children.

There is no dispute that Decedent's surviving spouse, Dickens, was alive when Plaintiff filed the wrongful death action, creating an issue as to standing. See OCGA § 51-4-2 (a); *King v. Goodwin*, 277 Ga. App. 188, 189-190 (626 SE2d 165) (2006) (affirming grant of summary judgment to defendant on wrongful death claim where the estate (the only party plaintiff) lacked standing to sue). The issue here is whether the trial court was authorized to exercise its equity jurisdiction to grant standing to Plaintiff under the circumstances in this case.

Before addressing the application of the equitable exception to this case, it is helpful to consider the origin and history of equitable powers in this State. "[Georgia's] Constitution vests general equitable powers in the superior court." *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214, 215-216 (2) (b) (403 SE2d 806) (1991) (footnote omitted). Specifically, our Constitution provides:

> The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; and in divorce cases. They shall have concurrent jurisdiction with the state-wide business court in equity cases.

Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. See also *Allen v. Allen*, 260 Ga. 777, 779 (3) n. 2 (400 SE2d 15) (1991) (when the legislature conferred equity powers upon superior courts in 1799, it adopted the whole system of English jurisprudence, common law, and chancery).

However, equity jurisdiction is only available in certain circumstances. Under OCGA § 23-1-3, "[e]quity jurisdiction is established and allowed for the protection and relief of parties where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or

6

relieving for injuries done." Significantly, to invoke the equity jurisdiction of a court, "a party . . . must first identify some legally cognizable 'wrong' or 'injury' that needs to be remedied." *Williford v. Brown*, 299 Ga. 15, 18 (3) (785 SE2d 864) (2016) (punctuation omitted). As this Court has held, a trial court has "broad discretion to fashion an equitable remedy based upon the exigencies of the case, and an appellate court sustains the trial court's action where such discretion has not been abused." *Tafel v. Lion Antique Cars & Investments, Inc.*, 297 Ga. 334, 339 (4) (773 SE2d 743) (2015) (citation and punctuation omitted). But, as our Supreme Court has clarified:

> [T]he first maxim of equity is that equity follows the law. Thus, a court of equity has no more right than a court of law to act on its own notion of what is right in a particular case. Where rights are defined and established by existing legal principles, they may not be changed or unsettled in equity. Although equity does seek to do complete justice, it must do so within the parameters of the law.

*Dolinger v. Driver*, 269 Ga. 141, 143 (4) (498 SE2d 252) (1998) (citations and punctuation omitted).

Georgia courts first applied the equitable exception to exclusive spousal standing to bring wrongful death actions in *Brown*, 261 Ga. at 214-216. In that case, minor children filed a wrongful death action to recover damages for the death of their

7

mother after the surviving spouse abandoned the children and could not be located; and the trial court dismissed the action for lack of standing. Id. at 214. The minor children appealed, arguing that it was "within the equity powers of the superior court to permit the prosecution of their claim in order to protect their interests when the surviving spouse refuses to do so." Id. at 215 (2) (a). In support of their argument, the minor children cited OCGA § 23-1-3 (as outlined above), and OCGA § 23-4-20, which provides that "[a]ny person who may not bring an action at law may complain in equity and every person who is remediless elsewhere may claim the protection and assistance of equity to enforce any right recognized by the law." In reversing the trial court's dismissal of the action, our Supreme Court wrote:

> [o]ur Constitution vests general equitable powers in the superior court. We hold that the factual circumstances of this case demand the exercise of those powers to preserve the rights of the minor children. The trial court should have allowed these minors, who have no remedy at law, to maintain an action for the wrongful death of their mother.

*Brown*, 261 Ga. at 215-216 (2) (b) (emphasis omitted). See also *Emory Univ. v. Dorsey*, 207 Ga. App. 808, 809-810 (2) (429 SE2d 307) (1993) (finding that minor child of decedent could pursue wrongful death action, notwithstanding fact that decedent had surviving spouse, where surviving spouse had left the state shortly after

8

decedent's death, had no intention of pursuing a wrongful death action, and had no blood or legal relationship with the child); *Blackmon v. Tenet Healthsystem Spalding, Inc.*, 284 Ga. 369, 369-371 (667 SE2d 348) (2008) (plaintiff filed wrongful death claim against hospital and others as administratrix of daughter's estate and legal guardian of her minor grandchild where child's father was incarcerated).

The other instance where Georgia courts have utilized equity to allow someone other than the surviving spouse to bring a wrongful death action is where the surviving spouse is the alleged wrongdoer. See *Belluso v. Tant*, 258 Ga. App. 453, 455 (574 SE2d 595) (2002) ("it is within the equitable powers of the superior court to permit the prosecution of the wrongful death action by a parent when the surviving spouse is the alleged wrongdoer"); *Carringer v. Rodgers*, 276 Ga. 359, 362-365 (578 SE2d 841) (2003) (same). See also *McIver v. Oliver*, 353 Ga. App. 106, 107-109 (836 SE2d 535) (2019) (an administrator of deceased's estate may file a wrongful death action pursuant to OCGA § 51-4-5 (a),[3] where a surviving spouse caused the death);

[3] OCGA § 51-4-5 (a) provides: "When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 [death of spouse or parent] or 51-4-4 [death of child], the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin." This Code section is inapplicable in the instant case where Dickens, as the surviving spouse, is entitled to bring a wrongful death action on behalf of the Decedent.

9

*Scott v. Scott*, 308 Ga. App. 263, 265 n. 1 (707 SE2d 166) (2011) (equity provided minor children a claim against the surviving spouse, their mother, for the wrongful death of their father).

Georgia's appellate courts have not yet addressed whether a sui juris child has standing to prosecute a wrongful death claim when there is a surviving spouse who declines to bring a wrongful death action, regardless of whether the spouse is estranged from the deceased.[4] Importantly, Plaintiff does not allege, and the record does not support, that the Decedent's surviving spouse, Dickens, cannot be found or has "abandoned" a legal obligation to support Plaintiff, an adult child. Under the

---

[4] In *Seay v. Valdosta Kidney Clinic, LLC*, the defendants moved for summary judgment against the plaintiffs' (the decedent's estate and his children) wrongful death claim in an underlying medical malpractice suit, arguing that the claim could not proceed without the decedent's widow as a named plaintiff in the action. 353 Ga. App. 378, 378-379 (837 SE2d 529) (2020). The plaintiffs later filed a motion to add or substitute the decedent's widow as a plaintiff, and the widow herself moved to intervene in the litigation, after she changed her mind about participating in the suit. Id. at 379. The trial court rejected these efforts concluding that the motion to add the widow as a party "came long after the [two-year] statute of limitations had expired, and the widow was not entitled to have her case relate back to the time of the complaint's initial filing" pursuant to OCGA § 9-11-15 (c). Id. (punctuation omitted). On appeal, we reversed the trial court's ruling, concluding in relevant part that "[t]he plaintiffs' motion to add [the decedent's] widow to the wrongful death litigation met [the] relation-back requirements." Id. at 380-381 (1). As a result, in *Seay*, we did not need to reach the question of whether the decedent's children had standing to pursue the wrongful death action absent the widow's presence in the suit.

10

terms of the wrongful death statute, Dickens retains the exclusive right to pursue a wrongful death action of the Decedent, which she has declined to do. See OCGA § 51-4-2 (a). As highlighted by Justice Hunt in his concurrence to *Brown*, that decision was not intended to hold that a child retains the right to pursue a wrongful death claim "in all events." 261 Ga. at 216 (Hunt, J., concurring). For example, "[i]n a case where such a claim might clearly exist the surviving spouse may [nonetheless] decline to pursue it in order to avoid the emotional strain such a pursuit would generate in the wake of the death. Or, there might be other reasons." Id. (citation and punctuation omitted).

Further, we note that the General Assembly failed to specify fallback standing rules under Georgia's Wrongful Death Act for instances, such as those in this case, in which one with standing to bring an action declines to do so. In contrast, under OCGA § 19-7-1, the General Assembly explicitly provides for such a scenario. More specifically, under that statute, parents have a right to recover for the value of the life of a child who dies as the result of negligence and has no other direct heirs (i.e., a spouse or child). OCGA § 19-7-1 (c) (2). See also *Baker v. Sweat*, 281 Ga. App. 863, 866 (1) (637 SE2d 474) (2006). Where both parents of the deceased child are living but are divorced, separated, or living apart,

11

the right [of recovery] shall be in both parents. *However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents*, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection.

OCGA § 19-7-1 (c) (2) (emphasis supplied). Notably, the General Assembly included no such clarification in OCGA § 51-4-2, as to whether a child, minor or sui juris, has standing to bring a wrongful death suit where a surviving spouse elects not to file an action. See *Tolson v. Sistrunk*, 332 Ga. App. 324, 330 (1) (772 SE2d 416) (2015) ("Particular words of statutes are not interpreted in isolation; instead, courts must construe a statute to give sensible and intelligent effect to all of its provisions.") (citation and punctuation omitted).

Our case law alludes to a good faith duty of the surviving spouse to assert and prosecute claims where doing so is in the interest of the surviving children, but this duty seems limited to instances where the children stand to benefit from a suit initiated by the surviving spouse. In *Brown*, our Supreme Court explained:

12

Although [OCGA § 51-4-2] confers exclusive standing upon the surviving spouse, it does not vest in the spouse all of the rights to the claim. The spouse is required to share the proceeds with the children. A duty is owed to the children and part of that duty is to act prudently in asserting, prosecuting and settling the claim. The failure to do this could subject the spouse to liability for breach of duty as a representative.

261 Ga. at 215 (1) (a) (citation and punctuation omitted). Post-*Brown*, we have clarified that under the wrongful death statute, "the decedent's children are entitled to the benefits of the action; but they do not have standing to bring or control the action. The action must be brought by the surviving spouse." *Matthews v. Douberley*, 207 Ga. App. 578, 581 (1) (428 SE2d 588) (1993) (citations and punctuation omitted); see also *Leanhart v. Knox*, 351 Ga. App. 268, 271 (830 SE2d 545) (2019) (acknowledging that a surviving spouse owes a duty to the decedent's children "and part of that duty is to act prudently in asserting, prosecuting and settling the claim.") (quoting *Brown*, 261 Ga. at 215 (1) (a); punctuation omitted); *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 222-223 (1) (493 SE2d 622) (1997) (reaffirming that "[t]he wrongful death statute creates a cause of action in the children for breach of the

13

spouse's duty as representative").[5] Further reinforcement of the principle that a surviving spouse has exclusive standing to bring a wrongful death action can be found in subsection (c) of OCGA § 51-4-2, which provides that "[t]he surviving spouse may release the alleged wrongdoer *without the concurrence of the child or children* or any representative thereof and without any order of court, provided that such spouse shall hold the consideration for such release subject to subsection (d) of this Code section."[6] (emphasis supplied).

Based on the foregoing, we find that the trial court impermissibly expanded the scope of the equitable exception as applied to the facts of this case — granting Plaintiff, an adult, standing to bring a wrongful death action where the surviving spouse, albeit estranged, elected not to do so. As our Supreme Court has explained,

---

[5] The Defendants further highlight that the trial court erred in extending the equitable exception to the circumstances of this case, because Plaintiff, an adult, has an adequate remedy at law, namely, she "could have initiated a civil action against [ ] Dickens[, but Plaintiff] chose to forgo this option." Based on existing case law, it remains unclear whether a surviving spouse has any duty to a decedent's adult child under the wrongful death statute, which could subject her to liability if she declines to pursue an action against an alleged tortfeasor, and we express no opinion on this issue in the instant appeal.

[6] Subsection (d) (1) of OCGA § 51-4-2 in turn requires that "[a]ny amount recovered . . . shall be equally divided, share and share alike, among the surviving spouse and the children per capita, and the descendants of children shall take per stirpes[.]"

14

the Wrongful Death Act is in derogation of common law and must be strictly construed. *Tolbert*, 271 Ga. at 208 (1). Thus, "[t]he express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts." Id. (citation and punctuation omitted). See *King*, 277 Ga. App. at 189-190 (ruling that administrator of decedent's estate lacked standing to bring a wrongful death action against driver of the other car involved in accident in which decedent was killed; OCGA § 51-4-5 (a) allowed administrator to recover only when there was no one entitled to bring an action as provided in OCGA § 51-4-2 (a), and decedent, who was unmarried at time of his death, had a son over the age of 21 who had a right to bring a wrongful death action, but did not bring such action before the running of the statute of limitation); *Rommelman v. Hoyt*, 295 Ga. App. 19, 20-21 (670 SE2d 808) (2008) (holding that decedent's former wife did not have standing to bring wrongful death action upon decedent's death, as that right belonged to decedent's surviving spouse). Even when there are compelling circumstances, we cannot ignore the plain language of the statute and rewrite it to suit the facts of a particular case. The right to make such revisions or amendments is placed in the hands of the legislature, not the courts.

Here, no Georgia statute or case gives adult children a right to file a wrongful death action to recover damages for the death of a parent even if a surviving spouse declines to exercise his or her right to bring such an action. Plaintiff does not contend or offer evidence to the effect that some external circumstance prevented Dickens from exercising her right to bring an action concerning the Decedent's death. Thus, Plaintiff has identified no cognizable wrong or injury that requires a remedy, legal or equitable. See, e.g., *Oni v. Oni*, 351 Ga. App. 400, 405-408 (1) (830 SE2d 775) (2019) (equity could not be invoked to permit children's natural mother, who had relinquished her parental rights to children, to obtain custody of children, who had been adopted by father, even though father was virtual stranger to children and mother had been primary caregiver for children for their whole lives; statute governing petition for custody by third parties as against parent specifically enumerated class of persons authorized to do so, and mother whose parental rights had been terminated was not within class of persons authorized to seek custody as against legal father); *Williford*, 299 Ga. at 17-18 (3) (holding that there was no cognizable wrong or injury when disabled father's wife allegedly restricted adult daughter's access to father, and thus daughter was not entitled to any remedy, legal or equitable). Plaintiff therefore lacked standing to bring a wrongful death action

16

against the Defendants. See *Blackmon*, 284 Ga. at 371 ("The constitutional and procedural concept of 'standing' falls under the broad rubric of 'jurisdiction' in the general sense, and in any event, a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction.") (citations omitted). Accordingly, we reverse the trial court's denial of the Defendants' motion for judgment on the pleadings.

*Judgment reversed. Barnes, P. J., and Markle, J., concur.*