A89A2030. CUMMINGS v. STANFORD.
(388 SE2d 729)

DEEN, Presiding Judge.

The appellee, Marjorie Stanford, filed a petition with the probate court to be appointed guardian over the property of the appellant, Mary Cummings, her mother. The probate court denied the petition, but the superior court reversed and granted it. This appeal followed.

At the time of the hearing, the appellant was 65 and the mother of four grown children. Her husband died in May 1988; prior to his death, he had been responsible for all the household finances. The exact extent of the estate he left could not be ascertained, but it was enough to accrue over $10,000 in interest in 1988. Since the death of her husband, the appellant had spent considerable sums of money. Some of the expenditures included $35,000 for another house, and a five-week vacation to Florida with two of her sons. (She moved into the new house, and maintained her former residence and another house she had inherited from her mother approximately three years ago; although this latter residence had been vacant the entire time

since her mother's death, she continued all the utility and cable television services for it.)

The appellant was unable to account for several thousands of dollars she had spent, and was unaware of the extent of the estate remaining. The two sons who accompanied her on the Florida vacation, at the least, were not hesitant to exploit the appellant's resources; one of these sons lived with the appellant, and had suggested that the appellant buy the third house. A clinical psychologist testified that he did not consider the appellant to be incompetent; he admitted, however, that he did not discuss with her in detail the extent and management of the appellant's financial resources. *Held*:

1. The trial court found that due to advanced age, and perhaps mental disability, the appellant was incapable of managing her financial resources, which would be wasted or dissipated in the absence of proper management. See OCGA § 29-5-1 (2). Clear and convincing evidence supported that finding, and the trial court thus did not err in appointing the appellee as guardian over the property of the appellant.

2. We reject the appellant's contention that OCGA § 29-5-6 (a) (3), which requires a guardianship petition to be sworn to by at least two petitioners, results in a similar requirement that a petitioner present two witnesses in support of the petition at the actual trial.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 13, 1989 —
REHEARING DENIED NOVEMBER 28, 1989 — 

*Milton F. Gardner, Jr.*, for appellant.
*Donald W. Huskins*, for appellee.