## S04G1087. GONZALEZ v. DEPARTMENT OF TRANSPORTATION.
### (610 SE2d 527)

BENHAM, Justice.

Alicia Gonzalez, a citizen and resident of Mexico, filed a wrongful death action against the Georgia Department of Transportation (DOT) under the Georgia Tort Claims Act (GTCA), OCGA § 50-21-20 et seq. In her complaint, Gonzalez alleged she was married to Anastacio Barrera and that the collision in Gordon County which killed him occurred due to DOT's negligent design, construction, and maintenance of the highway. The trial court granted DOT's motion for summary judgment on the ground Gonzalez, as a nonresident alien, lacks standing to sue in Georgia courts. The Court of Appeals affirmed that judgment, interpreting this Court's decision in *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001), as barring all suits in Georgia courts by nonresident aliens, and holding that since actions under the GTCA can only be brought in Georgia courts, Gonzalez lacks standing to prosecute this suit. *Gonzalez v. Dept. of Transp.*, 265 Ga. App. 610 (594 SE2d 783) (2004). We granted certiorari to review that decision.

The issue in *Sigala* was stated in the first paragraph of that opinion: "[W]hether a Georgia trial court has the inherent authority to dismiss a lawsuit that nonresident aliens bring for injuries occurring on foreign soil." 274 Ga. 137. That was the question central to deciding whether to adopt the doctrine of forum non conveniens and we answered the question in the affirmative based on traditional principles of public policy and the inherent power of the courts " 'to maintain a court system capable of providing for the administration of justice in an orderly and efficient manner.' [Cit.]" Id. at 139. We did not base the adoption of the doctrine of forum non conveniens on issues of standing or on statutory privileges or rights.

Nevertheless, after announcing the adoption of the doctrine of forum non conveniens, this Court's opinion in *Sigala* continued with a discussion of the arguments raised by the appellees in that case. In the course of discussing a contention that OCGA §§ 1-2-10 and 1-2-11 gave the plaintiffs a fully equal right of access to Georgia courts, the opinion stated that the cited Code sections ". . . apply to citizens of foreign countries who are residing within the United States and do not extend to nonresident aliens." Because the decision whether to adopt the doctrine of forum non conveniens was not decided on the basis of those statutes or the rights and privileges they concern, that discussion was not essential to the decision. Since the statement was not necessary to the holding, it constituted no ruling on the issue (*Veal v. Barber*, 197 Ga. 555 (1) (30 SE2d 252) (1944)), and is not binding. *Peacock v. Peacock*, 196 Ga. 441, 449 (26 SE2d 608) (1943).

Our decision in *Sigala* should be relied upon only for what was actually decided therein, that Georgia courts can apply the doctrine of forum non conveniens to dismiss, in proper cases, "lawsuits brought in our state courts by nonresident aliens who suffer injuries outside this country." 274 Ga. 139. Properly considered in that way, *Sigala* is not authority for dismissing a suit by a nonresident alien based on injuries suffered in this country. Accordingly, the trial court was not authorized to dismiss Gonzalez's suit on the ground she lacks standing as a nonresident alien to bring suit in a Georgia court, and the affirmance of that decision by the Court of Appeals cannot stand.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 14, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

*Grist & Brock, Joel M. Grist, Jr.*, for appellant.

*Bryan F. Dorsey, Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General*, for appellee.

*Hernan, Taylor & Lee, Jerome Lee, Jewett & Clark, C. Lawrence Jewett, Falanga & Chalker, Robert A. Falanga, Jesse E. Barrow III, Perales & Fernandez, Ralph Perales, Prescott L. Nottingham, Mark A. Inman, Moskowitz & Carraway, David H. Moskowitz, David A. Webster*, amici curiae.