A05A1040. KOLEV et al. v. HOME DEPOT USA, INC. et al.
(619 SE2d 754)

ANDREWS, Presiding Judge.

Rusin Kolev and Bogdanka Koleva, parents of Gocho Kolev, who was killed when an automatic power door he was cleaning at the Lawrenceville Home Depot malfunctioned, appeal from the trial court's dismissal of their wrongful death suit based on their lack of standing as nonresident aliens.[1] Auto Doors, Inc. had a contract with Home Depot USA, Inc. to repair and maintain the door.

The trial court, on the motion of Auto Doors, Inc. which was joined by Home Depot, granted the dismissal, based on *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001). In that case the Supreme Court adopted the common law doctrine of forum non conveniens, which was subsequently codified in OCGA § 50-2-21 (b) and (c), effective July 1, 2003. Additionally, the Supreme Court stated that

---

[1] The parents are citizens and residents of Bulgaria.

[i]n adopting this doctrine, we reject the plaintiffs' argument that the Georgia statutes concerning the rights of aliens gives Venezuelan citizens an equal right of access to our state courts. [See OCGA § 1-2-10 (rights of citizens of other nations to sue); OCGA § 1-2-11 (rights of aliens generally).] Neither the United States Constitution nor the Georgia Constitution guarantees the same protections to aliens living outside this country that it gives citizens and aliens living within the borders of the United States. [See *Barge-Wagener Constr. Co. v. Morales*, 263 Ga. 190, 192 (429 SE2d 671) (1993).] The Supreme Court has explained that it is the alien's presence within the territorial jurisdiction of the United States that gives the judiciary the power to extend constitutional protections beyond citizens to aliens. [See *Johnson v. Eisentrager*, 339 U. S. 763, 770 (70 SC 936, 94 LE2d 1255) (1950).] Given the importance of an alien's presence as a resident within this country to invoke the rights guaranteed to citizens, *we conclude that OCGA §§ 1-2-10 and 1-2-11 apply to citizens of foreign countries who are residing within the United States and do not extend to nonresident aliens.*

(Emphasis supplied.) Id. at 140.

In *Gonzalez v. Dept. of Transp.*, 279 Ga. 230 (610 SE2d 527) (2005), the emphasized language was found not necessary to the holding in *AT&T Corp. v. Sigala*, supra, and therefore not binding. Further, the Supreme Court held that "*Sigala* is not authority for dismissing a suit by a nonresident alien based on injuries suffered in this country." Id. at 231. The wrongful death suit of the wife of the deceased, who was a citizen and resident of Mexico, was reinstated.

As noted by appellants, *Gonzalez* controls this issue.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 10, 2005.

*Clark & Goldner, C. Lawrence Jewett, Jr.*, for appellants.

*Hawkins & Parnell, Warner S. Fox, Carlock, Copeland, Semler & Stair, Adam L. Appel, Freeman, Mathis & Gray, Neil L. Wilcove, Swift, Currie, McGhee & Hiers, Anandhi S. Rajan*, for appellees.