A05A2268. AUTO DOORS, INC. OF GEORGIA v. ZIVOLUBA.
(626 SE2d 256)

SMITH, Presiding Judge.

This appeal arises out of the trial court's conclusion that the decedent's parents did not have standing to bring a wrongful death action, based on their status as nonresident aliens. Because this conclusion is incorrect under *Gonzalez v. Dept. of Transp.*, 279 Ga. 230 (610 SE2d 527) (2005) and *Kolev v. Home Depot USA*, 275 Ga. App. 53 (619 SE2d 754) (2005), we reverse.

Gocho Kolev was killed when an automatic door he was cleaning at a Home Depot malfunctioned. *Kolev*, supra. Two separate lawsuits ensued. Kolev's parents filed a wrongful death action against Home Depot and Auto Doors, Inc. of Georgia, which was dismissed by the trial court on the ground that the parents were nonresident aliens and did not have standing to bring the action. Id. Relying on *Gonzalez*, supra, this court reversed. In *Gonzalez*, the Georgia Supreme Court

---

had concluded that dismissal based on the plaintiff's status as a nonresident alien was unauthorized. 279 Ga. at 231.

The lawsuit that is the subject of this appeal was filed by Ganna Zivoluba as administratrix of Kolev's estate. Zivoluba filed a motion to strike a portion of the defenses filed by Auto Doors. Auto Doors filed a motion to dismiss on the ground that Zivoluba was not the proper statutory plaintiff to bring the wrongful death action. The trial court denied the motion to dismiss and granted Zivoluba's motion to strike, stating in its order that because Kolev's parents lacked standing to sue for wrongful death, Zivoluba was authorized to file the lawsuit. This court granted the application for interlocutory appeal filed by Auto Doors, and this appeal ensued.

Statutory law sets out the order of persons entitled to bring an action for wrongful death. If the decedent has no surviving spouse or children, such an action may be brought by a surviving parent. OCGA §§ 51-4-2; 51-4-4. If there is no person entitled to file the lawsuit under these Code sections, an administrator or executor may bring the action. OCGA § 51-4-5. But here, under *Gonzalez*, supra, and *Kolev*, supra, Kolev's parents are authorized to pursue an action for wrongful death despite their status as nonresident aliens. Because parties exist who are entitled to bring an action under OCGA § 51-4-4, it follows that Zivoluba does not have standing to pursue the action under OCGA § 51-4-5. The trial court erred in denying the motion to dismiss Zivoluba's complaint and in granting Zivoluba's motion to strike.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

*Swift, Currie, McGhee & Hiers, Anandhi S. Rajan*, for appellant.
*Clark & Goldner, C. Lawrence Jewett, Jr.*, for appellee.