**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 31, 2018**

# In the Court of Appeals of Georgia

A18A0455. SKYJACK, INC. et al. v. MOIS et al.

ELLINGTON, Presiding Judge.

In May 2015, Mihaela Mois brought this action in the State Court of Gwinnett County against Skyjack, Inc., NES Equipment Services Corporation, O.E.M. Controls, Inc., Wieland Electric, Inc., and Bryan Stone, asserting claims for wrongful death as the surviving spouse of Vasile Mois, and on behalf his children and, as the representative of his estate, for personal injuries. In August 2016, Mois's counsel filed in the Probate Court of Gwinnett County a petition for letters of administration, requesting that "Jo-Ann Taylor, Legacy Trust Advisors, a representative for Fidelity Bank," be appointed administrator of the decedent's estate. In the petition, the attorney stated that, since the filing of the complaint, Mois had "disappear[ed]" and the attorney had been unable to locate or otherwise communicate with her. The

attorney requested that Taylor be appointed because "no other alternative nominee was available to him to protect the financial interests of Mois, her minor children, and the decedent's intestate estate." The probate court appointed Taylor to be the administrator of the estate.

Mois's counsel[1] then moved in the state court action that Taylor be substituted as the party plaintiff on the basis that Mois had been "deemed incompetent to serve as the representative of the [decedent's] [e]state" and had been removed as the representative of the estate. Counsel argued that, as the current administrator of the estate, Taylor was the only proper representative to continue to prosecute the estate's claims and the wrongful death claim. The state court allowed the substitution over the defendants' opposition. We granted the application for interlocutory appeal filed by the defendants below. The appellants contend that the state court erred in substituting a different plaintiff, arguing that the substitution was not authorized by either of the Code sections cited by Mois. For the reasons explained below, we affirm in part and reverse in part.

---

[1] We note that the case was docketed in this Court as it was styled below, such that the designated appellee is Mois. The same attorneys who filed Mois's complaint submitted a responsive brief on appeal, identifying only Taylor as the appellee. We presume they continue to represent Mois as well in light of our disposition in Division 2, infra.

1. The appellants contend that the state court erred in substituting a different plaintiff on the grounds of Mois's alleged mental incompetency.

OCGA § 9-11-25 (b) provides that if a party becomes incompetent, the trial court may allow the action to be continued by or against her representative.[2] Thus, it appears that if Mois was incompetent the state court could have allowed the action to be continued by her representative. See *Blackmon v. Tenet Healthsystem Spalding,* 284 Ga. 369, 371 (667 SE2d 348) (2008) (Georgia's appellate courts have allowed persons acting in a representative capacity to bring a wrongful death claim on behalf of a person entitled to bring such a claim.). The record in this case does not show that Mois had been adjudicated to be incompetent to manage her own legal affairs and appointed a guardian or conservator. See OCGA § 29-5-1 (appointment of conservator for an adult who lacks sufficient capacity to make or communicate significant responsible decisions concerning the management of his or her property); *Gulf Life Ins. Co. v. Wilson,* 123 Ga. App. 631, 632 (2) (181 SE2d 914) (1971)

---

[2] The appellants argue the substitution violated OCGA § 9-11-17 (c) which provides, in pertinent part: "If an . . . incompetent person does not have a duly appointed representative, she may bring an action by her next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an . . . incompetent person not otherwise represented in an action[.]" Because § 9-11-17 (c) concerns a person who is incompetent at the initiation of an action, the more pertinent Code section is § 9-11-25 (b), which concerns pending actions.

(Mental impairment is never presumed, but must be proved.); see also *McCarley v. McCarley,* 246 Ga. App. 171 (539 SE2d 871) (2000) ("[S]ubstitution of parties does not occur by operation of law but must be effected under OCGA § 9-11-25, which requires notice to the parties and a hearing" on contested factual issues.) (footnote omitted).[3] Further, even if Mois has become incompetent during the pendency of the action, the record does not show that Taylor is *Mois's* representative with the authority to continue prosecuting pending claims on her behalf, notwithstanding that Taylor is the administrator of the decedent's estate. Based on the record before the state court when it ruled on the motion to substitute Taylor in place of Mois, we conclude that OCGA § 9-11-25 (b) did not authorize the substitution.

---

[3] As proof that Mois is incompetent to serve as a party plaintiff, her counsel cited to evidence showing that attorneys Debra Hale and Bruce Hawkins appeared as Mois's guardian ad litem at certain juvenile court proceedings concerning Mois's children from October 2014 through April 2017, to jail records showing that Mois had been an inmate in 2014, 2015, and 2016, and to medical records showing that Mois received mental health treatment during the same time frame. This evidence, however, without more, did not establish that Mois had been adjudicated to be incompetent. See OCGA § 29-5-1 (e) (1) ("No adult shall be presumed to be in need of a conservator unless adjudicated to be in need of a conservator pursuant to [the Conservators of Adults Code]."); *In re Loftus*, 331 Ga. App. 329 (771 SE2d 38) (2015); *In re Cash*, 298 Ga. App. 110 (679 SE2d 124) (2009); *Cummings v. Stanford*, 193 Ga. App. 695 (388 SE2d 729) (1989).

2. The appellants contend that the trial court's order violated OCGA § 51-4-5 (a) by substituting the decedent's administrator as the plaintiff for a wrongful death claim despite there being a surviving spouse and children entitled to bring the claim. OCGA § 51-4-5 (a) provides that "[w]hen there is no person entitled to bring an action for the wrongful death of a decedent [under OCGA §§ 51-4-2 or 51-4-4], the administrator or executor of the decedent may bring an action for . . . the next of kin." Under OCGA § 51-4-2 (a) "[t]he surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent." See *Tolbert v. Maner*, 271 Ga. 207, 208 (2) (518 SE2d 423) (1999) (Under OCGA § 51-4-2 (a), a wrongful death claim may be brought by only two categories of plaintiffs: the decedent's surviving spouse and, if there is no surviving spouse, the decedent's children.).[4] Here, it is undisputed that Mois is the decedent's surviving spouse, so OCGA § 51-4-2 (a) provides no authority for the substitution of Taylor as the administrator of the estate

[4] See also OCGA §§ 19-7-1 (c); 51-4-4 (If a decedent is not survived by a spouse or child, a wrongful death action can be brought by a surviving parent.); 51-4-5 (a) ("When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 or 51-4-4, the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin.").

to prosecute Mois's wrongful death claim.[5] That being said, we note that the pending action consists of more than the wrongful death claim – Mois asserted claims as the representative of the estate for products liability, negligence, and failure to warn. As the administrator, Taylor is entitled to prosecute the claims of the estate, and therefore is properly substituted for Mois as a party plaintiff in that capacity. But the addition of Taylor as a party plaintiff in that capacity is no reason to remove Mois as the plaintiff as to claims that belong to her.

Based on the foregoing, the state court's order is reversed in part, to the extent it removed Mois as a party plaintiff in her personal capacity for the wrongful death claim.

*Judgment affirmed in part and reversed in part. Bethel, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[5] See *King v. Goodwin*, 277 Ga. App. 188 (626 SE2d 165) (2006) (The administrator of an estate could not bring a wrongful death claim where the decedent had a surviving son.); *Auto Doors, Inc. of Ga. v. Zivoluba*, 277 Ga. App. 288 (626 SE2d 256) (2006) (The administrator of an estate could not bring a wrongful death claim where the decedent's surviving parents were authorized to bring such a claim under OCGA § 51-4-4.).