**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 12, 2018**

# In the Court of Appeals of Georgia

A18A0701. ABRAHAM et al. v. BLACK.

RICKMAN, Judge.

Following the death of 23-year-old Jonathan Black ("the decedent"), his sister and administratrix of his estate, Nicolette Black, filed suit against Hai Hong Trinh, M. D.; James S. Abraham, M. D.; Lily Lan-Nhu Huyen Pham, M. D.; Jennifer Pruitt, R. N.; Newton Medical Center; Newton Medical Group, LLC; Newton Medical Family Practice, LLC; Newton Medical Properties, LLC; Georgia Emergency Physicians, P. C.; Georgia Heart Specialists, LLC; John Does 1-5; and Jane Does 1-5 (collectively "the Defendants") in state court for medical malpractice, wrongful death, and related claims. The Defendants filed a motion to dismiss Black's wrongful death claim or, alternatively, a motion for partial summary judgment of that claim alleging

that Black lacked standing to bring a claim for wrongful death.[1] The state court denied the motion. The Defendants filed a motion to vacate the court's order and transfer the case to the superior court, which was also denied. Thereafter, we granted the Defendants' applications for interlocutory review of both orders. For the following reasons, we affirm.

"Under OCGA §§ 19-7-1 (c) and 51-4-4, when a child (either a minor or sui juris) dies as the result of a homicide or negligence, and the child did not leave a spouse or children, the child's parents have the right to recover for the full value of the child's life." *Baker v. Sweat*, 281 Ga. App. 863, 866 (1) (637 SE2d 474) (2006). However, a parent shall lose parental power by:

> (1) Voluntary contract releasing the right to a third person; (2) Consent to the adoption of the child by a third person; (3) Failure to provide necessaries for the child or abandonment of the child; (4) Consent to the child's receiving the proceeds of his own labor, which consent shall be revocable at any time; (5) Consent to the marriage of the child, who thus assumes inconsistent responsibilities; (6) Cruel treatment of the child; (7) A superior court order terminating parental rights in an adoption proceeding in accordance with Chapter 8 of this title; or (8) A superior court order terminating parental rights of the legal father or the

---

[1] The complaint also includes a claim for pain and suffering on behalf of the estate which is not the subject of this appeal.

biological father who is not the legal father of the child in a petition for legitimation, a petition to establish paternity, a divorce proceeding, or a custody proceeding. . . .

OCGA § 19-7-1 (b). "If it is established that a parent has lost his or her parental power under OCGA § 19-7-1 (b), the parent's right to share in the proceeds of a claim for the wrongful death of his or her child is also forfeited." *Baker*, 281 Ga. App. at 867 (1). If the parents lose their power to maintain an action then "the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin." OCGA § 51-4-5- (a); see OCGA § 19-7-1 (c) (3) ("The intent of this subsection is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child. If, in any case, there is no right of action in a parent or parents under the above rules, the right of recovery shall be determined by Code Section 51-4-5.").

Black's complaint alleged that the decedent's mother and father were deceased and that Black was his surviving sibling. During discovery, Black provided the Defendants with the decedent's birth certificate, which listed his father's name. In their motion to dismiss/motion for partial summary judgment, the Defendants asserted that once they obtained the decedent's father's name, they hired an investigator who

3

found no evidence that the father was deceased. The Defendants argued that since the decedent's father was alive, he was the proper party under OCGA §§ 51-4-4 and 19-7-1 to bring the wrongful death suit and, thus, Black lacked standing.

Black filed a motion in response, alleging that the decedent's father lost his parental power pursuant to OCGA § 19-7-1 (b) (3), by failing to provide necessary financial support and abandoning the decedent. Black attached to her motion affidavits from the decedent's maternal grandmother, maternal aunt, mother's best friend, older brother, and Black detailing the decedent's father's lack of relationship with the decedent and failure to provide him with any financial support. Black argued that since the decedent's father lost his parental power, she was the proper party to bring the suit under OCGA § 51-4-5.

The state court agreed with Black, stating that based on uncontroverted evidence the decedent's father lost his power to bring the wrongful death suit because he did not support or have a relationship with the decedent. Accordingly, the state court found that Black was the proper party to bring the claim and denied the Defendants' motion to dismiss/motion for partial summary judgment.

The Defendants filed a motion to vacate the state court's order and transfer the case to the superior court. The Defendants argued, inter alia, that the finding that the

4

decedent's father lost his parental power to bring the wrongful death suit was akin to the termination of his parental rights of an unwed father who failed to legitimate his child, of which the superior court had exclusive jurisdiction. See OCGA § 15-11-10 (3) (D) ("[T]he superior court [has] exclusive jurisdiction to terminate the legal parent-child relationship and the rights of a biological father who is not the legal father of the child[.]"). The Defendants requested that the state court vacate its order for lack of subject matter jurisdiction and transfer the case to the superior court. The state court denied the motion, stating that its order was not a termination of the decedent's father's parental rights; it was a determination as to who has standing to bring a wrongful death claim on his behalf.

Initially, we note that in their reply brief to this Court, the Defendants clarified that, "whether the [state] court correctly decided if [the decedent's father] abandoned the decedent is not the subject of this appeal." Instead, the Defendants contend that the wrongful death suit should be dismissed because no court, state or superior, has the authority to allow the wrongful death action to be brought by anyone other than the decedent's father or, alternatively, that the case should be transferred to the superior court because the state court lacks jurisdiction to determine that the decedent's father lost his parental power to bring the suit. We disagree.

5

The state court did not terminate the decedent's father's parental rights. OCGA § 19-7-1 (b) lists eight ways that a parent shall lose his or her parental power, two of which involve superior court orders. Superior court orders "terminating parental rights in an *adoption proceeding*" or "terminating parental rights of . . . the biological father who is not the legal father of the child *in a petition for legitimation, a petition to establish paternity, a divorce proceeding, or a custody proceeding*" result in the loss of parental power. OCGA § 19-7-1 (b) (7), (8) (emphasis supplied). This case did not involve an adoption proceeding, petition for legitimation, petition to establish paternity, divorce proceeding, or a custody proceeding. In this case, the state court determined that, pursuant to OCGA § 19–7-1 (b) (3), the decedent's father lost his parental power to bring the wrongful death action, not due to the termination of his parental rights by a superior court order, but because he failed to provide for and abandoned the decedent.

The state court made a determination under the statutory framework of OCGA §§ 51-4-4 and 19-7-1 as to who had standing to bring the wrongful death suit on behalf of the decedent. Since the decedent's father lost his parental power, his mother was deceased, and he had no spouse or children, the state court determined, under OCGA § 51-4-5 (a), that his sister, as adminstrix of his estate, was the proper party

6

to bring the suit. Because the state court had jurisdiction to determine who had standing under the statutory framework of OCGA §§ 51-4-4, 19-7-1, and 51-4-5, it did not err in denying the defendants' motions to dismiss/motion for partial summary judgment and to vacate and transfer the case to the superior court. See generally *Baker*, 281 Ga. App. at 870 (1) (holding that "the trial court did not err in finding that [the decedent's father] lacked standing to pursue his wrongful death case" when the decedent's father lost parental power under OCGA § 19-7-1 (b) (3)); see also *Auto Doors, Inc. of Ga. v. Zivoluba*, 277 Ga. App. 288, 289 (626 SE2d 256) (2006) (reviewing a state court's finding regarding who has standing to bring a wrongful death action pursuant to the statutory framework).

*Judgment affirmed. McFadden, P. J., concurs and Ray, J., concurs in judgment only.*\*

\* **"THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a)."**

# In the Court of Appeals of Georgia

A18A0701. ABRAHAM, et al v. BLACK.

RAY, Judge, concurring in judgment only.

As I do not agree with everything that is said in the majority's opinion, but do agree with the result, I join it in judgment only. As it relates to the parties before the court and the facts present in the record, I do believe that the trial court has reached an appropriate decision that the decedent's sister, who is the administratrix of his estate, can proceed with the wrongful death claim and that the Defendants should not be able to use as a defense that the right to initiate such claim would normally belong to the decedent's father. At the same time, I note that the decedent's father has apparently not been served with legal process in this action, actual or constructive. Thus, I do not believe these proceedings are binding on him should he ever resurface. Caution would suggest that he should be made a party to this action in some manner so that he would be bound by the result.

2